[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: MOTION FOR ADDITUR (PLEADING #119)
The plaintiff's Motion for Additur (Pleading #119) is denied.
DECISION RE: MOTION TO SET ASIDE VERDICT, MOTION FOR JUDGMENTNOTWITHSTANDING THE VERDICT AND MOTION FOR REMITTITUR
The defendant's motion for remittitur is granted. The damages awarded the plaintiff on the first count are not supported by the evidence and the applicable principles of law.
After reviewing the parties' claims, the court has come to the conclusion that the proper measure of damages on the first count, which sets forth a claim based on a theory of promissory estoppel, is the loss incurred by the plaintiff in reasonable reliance on the promise, i.e. reliance damages. The jury' s award was not based on reliance damages. It was based on a contract theory of damages. The jury awarded the plaintiff back pay, front pay for three years, and compensation for loss of pension CT Page 5118-QQQ benefits for eleven years. This award was based on the theory the plaintiff was promised employment for a definite term.
The evidence does not support a conclusion there was an employment contract for a definite term. The only evidence as to the term of employment is what is set forth in the employee handbook. The book shows the plaintiff was employed for an indefinite term. She was an at-will employee.
In response to interrogatories, the jury found that the defendant promised the plaintiff "that she would have employment as long as she adequately or satisfactorily performed her job." The plaintiff failed to prove that the parties agreed that a progressive discipline policy would be followed. The plaintiff also failed to prove an express contractual commitment that she could only be terminated for just cause. A reasonable reading of these responses in light of the evidence is that the jury concluded the plaintiff's employment was terminated in violation of the discharge provisions which appear in the handbook. While the parties did not have an express contractual agreement that these provisions would be followed, the defendant by its words or conduct lead the plaintiff to believe the discharge policy would be followed.
The doctrine of promissory estoppel does not create a contract where none existed. See Williston on Contracts (4th Ed.) sec. 8.5; 8.6. Since a contract for a definite term did not exist, one cannot be created. The plaintiff is not entitled to receive as damages the benefit of a hypothetical bargain.
What the plaintiff is entitled to recover is those losses incurred in reasonable reliance on the promise. There is no precise rule of damages. Promissory estoppel provides such damages as justice requires. The award of front pay for three years and pension benefits for eleven years could only have been based on a hypothetical bargain which was not supported by the evidence. Therefore, the court concludes a remittitur should be filed for this part of the jury's award.
The award for negligent infliction of emotional distress is supported by the evidence. The hospital's duty to exercise care arose out of its promise to follow the discharge provisions of the employment contract.
The verdict is set aside unless within twenty days the CT Page 5118-RRR plaintiff shall file with the clerk of the court a remittitur of the front pay award of $6,144 and the pension award for eleven years. If such a remittitur is filed, the plaintiff shall recover of the defendant $49,630 and costs.
The defendant's motion for judgment notwithstanding the verdict is denied.
THIM, JUDGE